UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00558-FDW

| COLELL B. STEELE, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| DENNIS DANIELS, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Colell B. Steele's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. (Doc. No. 2.)

**I.   BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who was convicted on May 4, 2011, following a jury trial in Mecklenburg County Superior Court, of felony fleeing to elude arrest and attaining the status of a habitual felon. State v. Steele, 734 S.E.2d 139, 2012 WL 5392624, at *1 (N.C. Ct. App. Nov. 6, 2012) (unpublished). Petitioner was sentenced to 150-189 months' imprisonment. Id. Judgment was affirmed on appeal. Id. at *3.

After unsuccessfully pursuing post-conviction relief in the state courts, Petitioner timely filed a § 2254 petition for writ of habeas corpus in this Court, challenging his May 2011 judgment. Pet., 3:13-cv-00206-RJC (W.D.N.C. filed Mar. 27, 2013), Doc. No. 1. The Court denied and dismissed the petition on June 6, 2013. Order, id. at Doc. No. 3. Petitioner's appeal was dismissed, Steele v. Ball, 544 F. App'x 219 (4th Cir Oct. 25, 2013) (unpublished), and his petition for writ of certiorari was denied, Steele v. Hunt, 134 S. Ct. 2137 (2014) (Mem).

1

Petitioner filed the instant § 2254 Petition on September 6, 2017, in the United States District Court for the Eastern District of North Carolina. (Pet. 15, Doc. No. 1.) He, again, challenges the validity of his May 2011 judgment. (Pet. 1, 13-14.) The Eastern District transferred the matter here, where venue is proper. (Transfer Order, Doc. No. 3.)

## II.   STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the motion. Id.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another § 2254 petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A). If the prisoner files a subsequent § 2254 petition challenging the same state criminal judgment without getting permission from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner has not demonstrated that he has obtained the required authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition challenging his May 2011 judgment. See § 2244(b)(3)(A). Accordingly, this Petition must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for a Writ of Habeas Corpus, 28 U.S.C § 2254, (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive habeas petition;

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 20,

Frank D. Whitney
Chief United States District Judge